UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO


BENJAMIN J. ROSCOE and
THE BROOK APARTMENTS, L.L.C.,

        Plaintiffs,

v.                                            CIV No. 02-0804 LH/JHG

TED BACA,

        Defendant.


**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court *sua sponte*. After careful consideration of the allegations set forth in Plaintiffs' complaint, this Court *sua sponte* concludes that, due to an absence of subject matter jurisdiction, this case must be remanded to the Second Judicial District, County of Bernalillo, State of New Mexico.

**Discussion**

      This matter was originally filed in the Second Judicial District Court for the District of New Mexico. Defendant's notice of removal indicates that the complaint fails to state what, if any, cause of action is being asserted against Judge Baca, but that in response to discovery requests, Plaintiffs indicated that they were alleging claims for violation of their First and Fourteenth Amendment rights

1

under the federal constitution.  (Not. of Rem. ¶¶ 2, 3).  The notice of removal states that it is timely because it was filed within 30 days of Plaintiffs' discovery responses, which are the "first indication that this case is one which is or has become removable." (*Id.* at ¶ 4); that this Court has original jurisdiction because Plaintiffs are asserting claims founded on a claim or right arising under the Constitution, treaties or laws of the United States  (*Id.* at ¶ 5(a)); and, that the claims stated are subject to the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) (*Id.* at ¶ 5).

A federal court must at the outset examine whether jurisdiction exists before proceeding to the merits, and may raise the issue *sua sponte* where the parties have not raised it themselves.  *See Shamblin v. City of Colchester*, 793 F.Supp. 831, 833 (C.D. Ill. 1992).  Federal courts are of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so.  *See Laughlin v. KMart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

Removal statutes are strictly construed against removal to prevent encroachment on the jurisdiction of state court, to preserve comity, and to protect the plaintiff's right to fair treatment. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).  All doubts must be resolved against removal and in favor of remand.  *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001).  Otherwise, the parties would risk the possibility of obtaining a final judgment in federal court only to have the appellate court determine that the district court lacked jurisdiction. *See Laughlin*, 50 F.3d at 873.  Such a finding would void the federal judgment and require the parties to return to state court to relitigate the case.  *See id.*  "[T]he party invoking federal jurisdiction bears the burden of proof."  *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1991).

2

The notice of removal correctly notes that the complaint makes general allegations about actions of Defendant but states no particular cause of action against him. Certainly, the complaint states no federal claim. Federal question jurisdiction must appear on the face of the complaint and "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action in cases where the federal court has original jurisdiction. To determine the presence or absence of federal-question jurisdiction, the Supreme Court has consistently adhered to the well-pleaded complaint rule. *See Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840-41 (1989). Pursuant to this rule, jurisdiction must be necessarily determined from plaintiff's statement of his own claim. *See Holmes Group v. Vornado Air Circulation Sys., Inc.*, 122 S. Ct. 1889, 1894 (2002); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)(holding that an action arises under federal law only when a federal question is presented on the face of the plaintiffs' properly-pleaded complaint.)

The notice of removal attempts to use Plaintiffs' responses to requests for admissions to make this case removable, presumably pursuant to 28 U.S.C. § 1446(b). As noted above, the notice contends that upon receipt of Plaintiffs' responses, Defendant was first able to ascertain that the case was removable. (Not. of Rem.¶¶ 3, 4). Exhibit B to the notice of removal shows the responses upon which Defendant relies to remove this case to federal court. Three of the requests for admissions solicit admission or denial of whether or not Plaintiffs' claims were based on: violation of federal constitutional rights by Defendant, violation of a federal Fourteenth Amendment right to due process or, violation of a federal First Amendment right of access to the courts. Each of Plaintiffs' responses

were simply "I don't know, admit."

As noted above, there is a presumption against removal to federal court and in favor of Plaintiffs' choice of forum. In this instance, Plaintiffs are not represented by counsel and their responses are ambiguous. The Court concludes that these responses are insufficient to create claims that support removal to federal court.

**WHEREFORE**, for the foregoing reasons, the Court concludes that this Court lacks subject matter jurisdiction, and that the case must be remanded to the Second Judicial District Court.

**IT IS THEREFORE ORDERED** that this action be and hereby is **REMANDED** to the Second Judicial District Court for the County of Bernalillo, State of New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**